IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CATHERYNNE W. KENDRICK                                    PLAINTIFF/RESPONDENT

V.                            NO.  5:08-CV-05174

MICHAEL K. SCOTT
JOHN P. MAPLES                                            DEFENDANT/PETITIONER

REPORT AND RECOMMENDATION

Before the court is the Petition for Writ of Habeas Corpus (Doc. 1) filed on August 1, 2008 under 28 U.S.C. section 2241.  The petition was provisionally filed by Order (Doc. 2) dated August 26, 2008 and the matter of service was reserved.

**I. Background:**

The Petitioner is currently an inmate at the Arkansas Department of Correction, McPherson Women's Unit, under sentences from Benton County Circuit Court and Washington County Circuit Court for felony violations of the Arkansas Hot Check Law for check written in 2003.

The Petitioner filed her first Habeas petition in regards to these two convictions on September 16, 2005. (**Kendrick v. Norris, 5:5-cv-05161-JLH**)   That petition was dismissed with prejudice on April 13, 2006. (Doc. 17)  The Petitioner filed her second Habeas petition under 28 U.S.C. Section 2241 on February 21, 2007 contending her innocence to the original hot check charge that she pleaded to in May of 2004 in case number 2004-393 in Benton County. (**Kendrick v. Norris, 5:07-cv-05030**) That petition was dismissed on May 30, 2007. (Doc. 10)

The Petitioner was originally sentenced to 10 months in federal prison and 3 years of supervised release on November 14, 2002 for the offense of Threat by Interstate Communications

in case 5:02-cr-50009.(Doc. 27)   The Petitioner served her sentence and was released on March 19, 2003. The court filed a petition to revoke in 5:02-cr-50009 (Doc. 28) and issued a warred for her arrest on July 1, 2004. The Petitioner was never arrested on the warrant but an administrative detainer was placed on the Petitioner on July 19, 2004. (Doc. 1, p.54) The Petitioner filed a Motion for habeas relief under 28 U.S.C. section 2241 (Doc. 29) on September 15, 2004.  The Court dismissed the petition by Order (Doc. 33) dated December 1, 2004 and the Order was affirmed by the Eighth Circuit Court of Appeals by a Judgment (Doc. 45) entered January 4, 2005.  In its opinion the Eighth Circuit Court of Appeal stated that "[W]e agree with the district court that Kendrick's petition is premature, as the court has not yet revoked her supervised release or even scheduled a revocation hearing". (Doc. 44, p. 2)

Based upon the sentence the Petitioner received to the Arkansas Department of Corrections in connection with her state charges the Probation office recommended withdrawing the petition and an Order (Doc. 48) was entered on April 21, 2008 withdrawing the warrant and dismissing the petition.  The Petitioner filed the instant petition (Doc. 1) on August 1, 2008 under 28 U.S.C. section 2241 contending that a detainer was still lodged against her at the Arkansas Department of Corrections for the probation violation and should be removed. (Doc. 1, p. 1)

## II. Discussion:

The first issue to be decided is whether the Petitioner was in custody when the petition was filed.

The United States Code provides that (c) The writ of habeas corpus shall not extend to a prisoner unless--(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge

of the United States; or (3) He is in custody in violation of the Constitution or laws or treaties of the United States...28 U.S.C.A. § 2241

The petitioner's supervised release commenced on March 19, 2003 and the original term of supervision was to terminate on March 18, 2006.  (Doc. 48)  The arrest warrant (5:2-CR-50009) for a violation of the terms of release was issued in a timely manner on July 1, 2004.  It does not appear that the petitioner was ever arrested on the warrant but an administrative detainer was lodged with the Arkansas Department of Corrections (Doc. 1, p54) on July 18, 2004 where the Petitioner is serving a sentence for the violation of the Arkansas Hot Check Law.

Custody is established whenever a restraint on liberty is either actual or imminent. See *Barry v. Bergen County Probation Dept.*, 128 F3d 152 (3d Cir. 1997) The warrant, however, was never served on the Petitioner, but it precipitated an administrative detainer being placed against the Petitioner while at the Arkansas Department of Corrections. The warrant was subsequently recalled by the Order (Doc. 48) entered on April 21, 2008 and the case was concluded because her term of supervision expired on March 18, 2006.  The petitioner has no further criminal exposer on this case.  It does not appear, however,  that the Arkansas Department of Corrections lifted the administrative detainer at the time the warrant was recalled.

This case is similar to Moody v. Daggett where the "warrant, which was not served upon the defendant but merely filed with the prison, was treated by prison officials as an administrative detainer. It served to notify the prison of the pending parole revocation proceedings, and to assure that the inmate would not be released from custody until the parole violation was acted upon. In reaching its conclusion, the Court said that the inmate's present confinement did not derive "in any sense from the outstanding parole violator warrant, * * * " but resulted from his conviction for the crime committed while on parole. Id. "Issuance of the warrant and notice of that fact to

the institution of confinement did no more than express the Board's intent to defer consideration of parole revocation to a later time. * * * [W]e cannot say that the parole violator warrant has any present or inevitable effect upon the liberty interests which Morrisey [ v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ] sought to protect. * * * [L]oss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." Id. at 86-87, 97 S.Ct. at 278. See *Campillo v. Sullivan*, 853 F.2d 593 (citing *Moody v. Daggett*, 429 U.S. 78 (1976))

The Eighth Circuit has specifically held that a prisoner in state custody was not entitled to a hearing on federal parole violator warrant lodged as a detainer against her until she was taken into custody as a parole violator by execution of the warrant. See *Hicks v. U.S. Bd. Of Paroles and Pardons*, **550 F. 2d 401, (C.A. Iowa, 1977)**  *A parole violator warrant is "executed" when* a federal officer takes the parolee and "returns him to the custody of the Attorney General." 28 C.F.R. § 2.46(a) (1986). *Donn v. Baer*  828 F.2d 487, 489 (C.A.8 (Mo.),1987)

The court finds that the Petitioner was not in custody as defined by the code but even if she were the petition would have to be denied as moot.

The Petitioner was originally sentenced to 10 months in federal prison and 3 years of supervised release on November 14, 2002 for the offense of Threat by Interstate Communications in case 5:02-cr-50009.(Doc. 27)   The Petitioner served her sentence and was released on March 19, 2003. The court filed a petition to revoke in 5:02-cr-50009 (Doc. 28) and issued a warrant for her arrest on July 1, 2004.

The probation office communicated with the sentencing court on April 10, 2008 indicating that the Petitioner had received a substantial sentence in state court and that it was his recommendation that "the arrest warrant be recalled and the revocation petition be dismissed,

allowing this case to close". (Doc. 1, p. 50) The court followed the recommendation of the probation office and ordered the warrant recalled and the case closed because the term of supervision expired on March 19, 2006.

As pointed out previously the arrest warrant does not appear to have been served and was recalled and the case dismissed on April 25, 2008. (Doc. 1, p. 51) While the "date of arrest" indicates 5-7-08 this is probably the date that the Marshall's office physically recalled the warrant and does not indicate the date that the petitioner was arrested.

On July 29, 2008 the Arkansas Department of Corrections sent a letter (Doc. 1, p. 53) to the U.S. Marshals Service indicating that the detainer had been removed and that a copy of a Detainer Letter (Doc. 1, p. 52) had been sent to the Petitioner informing her of the action taken. In subsequent correspondence with the court the Petitioner has acknowledged that the detainer has been removed.

Generally, a case become moot when the issues presented are no longer 'live' or the parties lack a 'legally cognizable interest in the outcome.' *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) The only claim that the petitioner made was that a detainer was still lodged against her at the Arkansas Department of Correction. That detainer should have been removed by the order recalling the warrant and dismissing the revocation when it was entered on April 25, 2008. Notwithstanding, the detainer has now been lifted and the government no longer has the ability to file a revocation against the petitioner because the time has run.

### III. Conclusion:

Based upon the forgoing the court finds that the claim, filed under 28 U.S.C. Section 2241, should be DISMISSED because the Petitioner is not in custody, and that the claim is now MOOT and that no service should be issued.

**The Petitioner shall have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 12th day of September 2008

/s/ J. Marschewski
James R. Marschewski
United States Magistrate Judge